# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

SHANNAN MCDONALD,                                                       Case No.

                Plaintiff,

v.                                                                                            Honorable

UAW-GM CENTER FOR HUMAN RESOURCES,
A domestic non-profit corporation,

                Defendant.

_____/

JEFFREY S. BURG (P38381)
Attorney for Plaintiff
30700 Telegraph Road, Ste. 1675
Bingham Farms, MI   48025
(248) 227-5027 TEL
(248) 856-1258 FAX

_____

**COMPLAINT AND JURY DEMAND**

Plaintiff states:

## Jurisdiction and Parties

1. This suit is brought pursuant to and jurisdiction lies under the Americans With Disabilities Act, §107(a), 42 USC 12117, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e-5, and under the Persons With Disabilities Civil Rights Act ("PWDCRA"), MCL 37.1201 et seq.

2. This court has jurisdiction over Plaintiff's federal claims pursuant to 42 USC 2000e-5, 29 USC 206(d) and 28 USC 1331, 1343(4).

3. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the statutes of the State of Michigan, and which arise from a common nucleus of operative fact pursuant to 28 USC 1367.

4. Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 USC 1391(b), wherein Plaintiff resides, Defendant regularly conducts business and where the actionable wrongful conduct occurred.

5. Plaintiff is a resident of the State of Michigan.

6. Defendant UAW-GM CENTER FOR HUMAN RESOURCES is a Michigan corporation that maintains its principal place of business in the Eastern District of Michigan and is subject to the jurisdiction of this court.

7. The events giving rise to this cause of action occurred in the Eastern District of Michigan.

## Background Facts

8. Plaintiff realleges paragraphs 1-7 above as though fully set forth herein.

9. Plaintiff was born with Crouzon's syndrome, a genetic disorder which results in craniofacial disfigurement and requires multiple surgeries at different parts of life.

10. Such surgeries cause Plaintiff to need significant medical leaves of absence and during the absences Plaintiff's ability to perform essential functions of daily living is affected.

11. On May 24, 2004, Plaintiff became employed with Defendant as a receptionist.

12. Throughout the course of her employment with Defendant, Plaintiff performed her job duties in a manner that was satisfactory or better.

13. Throughout the first eight-plus years of her employment with Defendant, Plaintiff never received any discipline for conduct or performance.

14. In July, 2013, Plaintiff's colleague at the reception desk passed away after being on medical leave of absence for significant time.

15. In the same time period, Plaintiff went on medical leave of absence for purposes of having surgery related to Crouzon's syndrome.

16. Plaintiff returned to work on September 3, 2013.

17. One month later, in October, 2013, Plaintiff began to be falsely accused of misconduct in her employment, and was harassed and treated differently than others in at least the following manner:

   a. Being falsely accused "sexual harassment" of another employee, without any of the alleged incidents having anything to do with sex;

   b. Being the subject of whispering and derision from other employees who had been told to "stay away" from Plaintiff lest she "sexually assault" them;

   c. Being summoned to the personnel department a number of times, for the first time in Plaintiff's nine-year employment, for frivolous and untrue reasons;

   d. Being disciplined for throwing a cup of water into the trash can;

   e. Being told not to use hairspray any more in the bathroom;

   f. Being stopped on her personal lunch time and questioned where she was going and what she was doing;

   g. Being watched by security, who would call Plaintiff's supervisor and tell her whenever Plaintiff was not at her desk.

    h. Plaintiff was banned from using the gym facilities even though she was prescribed to do so by her doctor and the accommodation of Plaintiff's needs was reasonable and not an undue burden to Defendant.

    i. Being banned from going to the 2nd floor, even on her off-time or on her break;

    j. Having people come to her desk and call her derogatory names such as a whore or slut;

    k. Being the subject of comments about Plaintiff's apparel.

18. Plaintiff also began to be the subject of derogatory remarks and attitudes from different sources based upon her medical leave, her disability or her perceived disability, to wit:

    a. Whenever Plaintiff needed to leave early for doctors' appointments her supervisor would say to her "why don't you just go back on medical leave or sick leave?" as though she were irritated that Plaintiff had to leave.

    b. Plaintiff's supervisor also stated several times that by leaving for medical reasons Plaintiff was putting the company "in a bind" or "in a tough situation."

    c. Different agents of Defendant in the building would come to Plaintiff and ask her about confidential information related to her condition and would know about her treatment and her surgeries.

    d. Agents of Defendant also commented to Plaintiff "it must be nice to be able to leave early every day."

    e. Agents of Defendant also made comments that Plaintiff receiving chemotherapy treatments.

    f. Agents of Defendant spread rumors that Plaintiff tried to commit suicide.

19. Plaintiff reported and complained about the harassment multiple times to multiple people including members of Defendant's management.

20. After Plaintiff complained about the harassment, Defendant either did nothing about the complaint or treated Plaintiff worse.

21. On or about July 10, 2014 Plaintiff found the work environment intolerable and was forced to submit a resignation from Defendant's employment, and considers and alleges her separation as a constructive discharge.

22. Upon information and belief, Plaintiff was replaced in her position with a person who does not have a disability or who is not perceived as having a disability, and/or who has not complained of harassment and disparate treatment under the civil rights laws of Michigan and the federal government.

23. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and brings this action within 90 days of receiving her notice of right to sue.

### Count I:  Violation of Title II the ADA

24. Plaintiff realleges paragraphs 1-23 above as though fully set forth herein.

25. Plaintiff is a "qualified individual with a disability' as defined in 42 USC 12131(2).

26. Specifically, Plaintiff has a physical impairment that substantially limits one or more of her major life activities, has a record of the impairment, and/or is regarded by Defendant as having the impairment.

27. Plaintiff is an individual who, with reasonable accommodation, can perform the essential functions of her job as receptionist at Defendant's facility.

28. Title II of the ADA, 42 U.S.C. § 12132, Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities or a public entity, or be subjected to discrimination by any such entity."

29. By Defendant refusing to accommodate Plaintiff's written request for accommodation and by treating Plaintiff differently than others similarly situated and by forcing Plaintiff to resign her employment involuntarily, Defendant has denied and excluded Plaintiff from the benefits of her employment as a receptionist.

30. Defendant conducted itself with malice or with reckless indifference to Plaintiff's federally protected rights.

31. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities. In addition, Defendant's conduct has caused and continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

PLAINTIFF REQUESTS relief from this court against Defendant as follows:

a. an order of this court awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter;

b. an order of this court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter;

c. an award to Plaintiff of attorney fees, costs of litigation, and interest;

d. an order of this court granting Plaintiff further relief that it deems just and equitable.

### Count II:  Violation of PWDCRA

32. Plaintiff incorporates paragraphs 1-31 as though fully stated herein.

33. At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of MCL 37.1103 et seq.  Specifically, Plaintiff has a physical impairment that substantially limits one or more of her major life activities, has a record of the impairment, and/or is regarded by Defendant as having the impairment.

34. Plaintiff is an individual who, with or without reasonable accommodation, can perform the essential functions of her job as a receptionist at Defendant's facility.

35. In rejection of Plaintiff's written request for accommodation, even though Defendant had available methods of accommodation which were not burdensome to Defendant in any manner, Defendant refused to accommodate Plaintiff's written request for accommodation.

36. After refusing to comply with Plaintiff's written request for accommodation Defendant caused the environment of Plaintiff's employment to be intolerable and forced Plaintiff to resign.

37. Defendant's failure to make reasonable accommodations for Plaintiff, and Defendant's termination of Plaintiff's employment, constitutes discrimination against Plaintiff in respect to the terms, conditions, or privileges of employment in violation of the PWDCRA.

38. Defendant conducted itself with malice and/or with reckless indifference to Plaintiff's protected rights.

39. Defendant treated Plaintiff, because of her qualified disability, more harshly than it treated other employees for the same conduct.

As a direct and proximate result of Defendant's discrimination on the basis of Plaintiff's disability or perceived disability, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities. In addition, Defendant's failure to make reasonable accommodation to Plaintiff has caused or continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

PLAINTIFF REQUESTS relief from this court against Defendant as follows:

a. an order of this court awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter;

b. an order of this court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter;

c. an award to Plaintiff of attorney fees, costs of litigation, and interest;

d. an order of this court granting Plaintiff further relief that it deems just and equitable.

### Count III- ADA- Retaliation

40. Plaintiff incorporates by reference paragraphs 1 through 39 as though fully stated herein.

41. To the extent the adverse employment actions identified in the allegations above were motivated by Plaintiff's complaints of discrimination, Defendant has engaged in unlawful employment discrimination in violation of the ADA.

42. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

PLAINTIFF REQUESTS relief from this court against Defendant as follows:

a. an order of this court awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter;

b. an order of this court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter;

c. an award to Plaintiff of attorney fees, costs of litigation, and interest;

d. an order of this court granting Plaintiff further relief that it deems just and equitable.

### Count IV- PWDCRA- Retaliation

43. Plaintiff incorporates by reference paragraphs 1 through 42 as though fully stated herein.

44. To the extent the adverse employment actions identified in the allegations above were motivated by Plaintiff's complaints of discrimination, Defendant has engaged in unlawful employment discrimination in violation of the PWDCRA.

45. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

PLAINTIFF REQUESTS relief from this court against Defendant as follows:

a. an order of this court awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter;

b. an order of this court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter;

c. an award to Plaintiff of attorney fees, costs of litigation, and interest;

d. an order of this court granting Plaintiff further relief that it deems just and equitable.

Respectfully submitted,

Law Offices Jeffrey S. Burg, Esq.

/s/ Jeffrey S. Burg
_____
Jeffrey S. Burg
Attorney for Plaintiff
Dated: July 26, 2015

## JURY DEMAND

Plaintiff demands a trial by jury where appropriate.

Respectfully submitted,

Law Offices Jeffrey S. Burg, Esq.

/s/ Jeffrey S. Burg
_____
Jeffrey S. Burg
Attorney for Plaintiff
Dated: July 26, 2015